CHARLES F. PREUSS (State Bar No. 45783)
ELIZABETH L. EWERT (State Bar No. 161308)
MICHELLE A. CHILDERS (State Bar No. 197064)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
ETHICON, INC., JOHNSON & JOHNSON, and
JOHNSON & JOHNSON HEALTH CARE
SYSTEMS INC. (erroneously sued as JOHNSON &
JOHNSON HEALTH)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| CHRISTINE L. BLEDY, an individual; LESLIE A. BLEDY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, a New Jersey corporation; JOHNSON & JOHNSON HEALTH, a New Jersey corporation; ETHICON, INC., a New Jersey corporation; ENCINO-TARZANA MEDICAL CENTER, a non-profit organization; and DOES 1 through 100, inclusive <br><br> Defendants. | Case No. CV07-03758 DDP (AGRx) <br><br> **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY ACTION PENDING RULING BY MULTIDISTRICT LITIGATION PANEL** |

Defendants Johnson & Johnson, Johnson & Johnson Health Care Systems, Inc. (erroneously sued herein as "Johnson & Johnson Health"), and Ethicon, Inc. (collectively "Defendants") respectfully submit this opposition to Plaintiff's Motion to Stay Action Pending Ruling by Multidistrict Litigation Panel ("Motion").

# I.

## INTRODUCTION

Following repeated delays in agreeing to a proposed case management schedule in this action, Plaintiffs now seek a blanket stay pending the resolution of a multidistrict consolidation motion. Such a stay is unwarranted. The only effect of a stay would be to prejudice Defendants by impeding their efforts to develop their case while the plaintiffs – both in this case and in the other cases subject to the consolidation motion – continue to solicit more plaintiffs, take further discovery, study the discovery that they have taken, and retain and prepare their witnesses for depositions that will be necessary regardless of the MDL Panel's decision.

Plaintiffs' concerns regarding the risks of inconsistent rulings and duplicative discovery are belied by their failure to present any examples of imminent discovery or motions practice that create a risk of such outcomes. Thus, the denial of a stay would impose no hardship upon Plaintiffs. Moreover, as explained below, denying a stay would promote judicial economy by minimizing the use of judicial resources and maximizing efficiency. As such, Plaintiffs' Motion should be denied.

# II.

## FACTUAL BACKGROUND

This is a products liability case arising from Plaintiffs' allegations of injury resulting from the use of Defendants' Panacryl® sutures. Defendants were served with the Complaint in May 2007. On August 23, 2007, the parties met and conferred and Plaintiffs requested "all of the discovery that has been conducted in other Panacryl® suture cases where John Thoma [sic] is counsel and . . . a stipulation that such discovery could be used in this case." (Ex. A, E-mail from Stuart C. Talley to Michelle A. Childers, Aug. 23, 2007.) Plaintiffs further indicated that, because of their proposed cross-designation of discovery, they "had

no intention of re-taking any depositions that had been conducted in the other litigation or re-serving discovery that has already been responded to." *Id.* Defendants agreed to this approach. *Id.*

In response to Plaintiffs' e-mail summarizing the parties' meet and confer, Defendants offered to draft a proposed case management order in an attempt to move the case forward promptly. (Ex. B, E-mail from Elizabeth L. Ewert to Stuart C. Talley, Aug. 23, 2007.) Defendants provided this draft one week later, and scheduled a call to discuss the draft on September 12, 2007. (Ex. C, E-mail from Elizabeth L. Ewert to Stuart C. Talley, Aug. 31, 2007.) Despite Defendants' efforts to move expeditiously, Plaintiffs did not provide their proposed changes to the draft order until November 5, 2007. (Ex. D, E-mail from Stuart C. Talley to Michelle A. Childers, Nov. 5, 2007). By February 14, 2008, Plaintiffs still had not articulated their proposed schedule, and Defendant again contacted Plaintiffs seeking to expedite an agreement. (Ex. E, E-mail from Elizabeth L. Ewert to Stuart C. Talley, February 14, 2008). Despite Plaintiffs' assurance that they would provide a response to Defendants' request the following Monday, Defendants were forced to follow up with Plaintiffs nearly a month later in another attempt to finalize a proposed case schedule. (Ex. F, E-mails between Elizabeth L. Ewert and Stuart C. Talley). As of the filing of this Opposition, Plaintiffs still have not agreed to a proposed schedule.

On April 11, 2008, the plaintiff in *Truxillo v. Ethicon* filed a motion with the MDL Panel to consolidate eight cases pursuant to 28 U.S.C. § 1407. On April 25, 2008, Defendant Ethicon informed the plaintiff in one of the cases subject to consolidation, *Locklear v. Johnson & Johnson*, that Ethicon did not agree that an MDL was appropriate for these actions. (Ex. G, Letter from J. Donald Cowan, Jr. to John E. Toma, Jr., Apr. 25, 2008, at 1).[1] Defendants filed their opposition to an

---

[1] Plaintiffs maintain that Defendants "changed course" in deciding that it would not agree to a

1  MDL on May 11, 2008. (Ex. H).[2]

2  It is worth noting that, in *Locklear*, Defendants offered the plaintiffs the
3  opportunity to coordinate document and deposition discovery on the "aspects of
4  litigation subject to common issues of fact," in the same manner that the parties in
5  this case have agreed to manage discovery. (Ex. G at 1). In fact, the plaintiffs in
6  these cases have taken advantage of significant coordinated discovery. For
7  example, pursuant to Fed. R. Civ. P. 34, Defendants made their Panacryl® Suture
8  Fact Books available to the plaintiffs in all of these cases for inspection and
9  copying. (Ex. I, Defendants' Johnson & Johnson and Ethicon, Inc. Notice of Rule
10 34 Production of Documents for Inspection or Copying). Plaintiffs have also
11 formally cross-noticed depositions of two witnesses, Drs. Schaitzberg and Shikora,
12 which were originally noticed in the *O'Brien v. Johnson & Johnson* litigation.
13 (Ex. J & K, Cross Notices of Depositions of Steven D. Schaitzberg, M.D. and Scott
14 A. Shikora, M.D.)

15  While Plaintiffs have obtained, and will continue to obtain, significant
16 discovery, they have delayed Defendants' discovery in this case by failing to agree
17 to a proposed schedule. Defendants have experienced similar delays in other cases
18 involving the same group of plaintiffs' attorneys. For example, the plaintiffs in the
19 *Locklear* case initially refused Defendants' requests to depose case-specific
20 witnesses, including the plaintiffs themselves. (Ex. G at 1). On May 7, 2008, Mr.
21 Toma, the plaintiffs' counsel in *Locklear*, finally agreed to produce these witnesses
22 for deposition in mid-June. (Ex. L, Letter from John E. Toma, Jr. to Donald

---

stay in this matter. (Declaration of Stuart C. Talley at ¶ 5.) This characterization is inaccurate. Defendants did agree to draft a proposed stipulation as a courtesy (much as Defendants drafted a case management schedule for Plaintiffs' consideration) while further considering Plaintiffs' proposal. Defendants never agreed to a stay, however, and promptly informed Plaintiffs of their decision to oppose a stay once further consideration made it apparent that a stay would be prejudicial and unwarranted. Plaintiffs' use of Defendants' offer to draft a stipulation to insinuate that Defendants changed an established position demonstrates that no good deed goes unpunished.

[2] As discussed in detail in Exhibit H, Defendants deny Plaintiffs' assertions that the cases subject to the MDL Motion are "virtually identical," and that a consolidation of these cases is likely.

Cowan, May 7, 2008, at 1). Mr. Toma agreed that such case-specific depositions "will take place regardless of the Motion for Stay or any action by the MDL Panel," and stated that he "had no intention of making an issue out of scheduling these depositions." *Id.* The blanket stay that Plaintiffs have requested would bar Defendants from taking similar discovery in this case.

## III.

## ARGUMENT

The mere pendency of a consolidation motion before the MDL Panel does not affect the jurisdiction of the potential transferor court or limit its power to manage the litigation before it. *See, e.g.*, J.P.M.L. R. Proc. 1.5; *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979). While it is within a district court's discretion to stay proceedings, "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Boudin v. ATM Holdings, Inc.*, No. 07-0018-WS-C, 2007 U.S. Dist. LEXIS 47067, *1-2 (S.D. Ala. June 27, 2007) ("A stay pending transfer to MDL proceedings is not automatic."). Instead, when considering a motion to stay proceedings pending a possible MDL consolidation and transfer, courts consider three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360. Applying these factors, Plaintiffs' Motion should be denied.

A. **A Stay Of This Action Would Prejudice Defendants By Delaying Discovery To Which They Are Entitled.**

A stay of this action would prejudice Defendants by eliminating their ability to conduct discovery until the MDL Panel rules on the pending consolidation

motion. *See Bertram v. Fed. Express Corp.*, No. 05-28-C, 2006 WL 3388473, *3 (W.D. Ky. Nov. 20, 2006) ("the plaintiffs face a risk of prejudice if the court grants [defendant's] motion to stay . . . the plaintiffs will be unable to proceed with discovery . . ."). As explained in detail below, much of the discovery in this case, particularly that sought by Defendants, is unique to this matter and non-duplicative to that involved in the other cases subject to the consolidation motion. While a brief delay alone might not be sufficient grounds for prejudice depending on the circumstances of an individual case, there are two features of this case that make the proposed stay prejudicial to Defendants.

First, while a blanket stay of this case will prevent Defendants from taking discovery, Plaintiffs have access to significant document and deposition discovery that has already been taken in the other cases subject to the consolidation motion. As discussed above, Defendants, in an effort to conduct discovery efficiently and expeditiously, have already produced the key Ethicon documents and agreed at Plaintiffs' request to allow cross-designation of discovery from other cases regarding Panacryl® sutures. A stay will allow Plaintiffs to collect and analyze discovery that has been obtained in these proceedings and prepare both their case and their witnesses before Defendants are able to take a single deposition in this matter. Furthermore, should the MDL Panel grant the consolidation motion, the several plaintiffs will have an even larger "head start" against Defendants, as the consolidation will promote further one-sided discovery efforts by plaintiffs while Defendants must wait to take plaintiff-specific discovery.

Second, the stay requested by Plaintiffs is for an indeterminate length of time. *Id.* at *3 ("The plaintiffs and the court should not be forced to wait an indeterminate length of time to proceed with the resolution of a straightforward tort action."). While the motion for consolidation has been filed and opposed, the MDL Panel has not yet set a date for oral argument on the motion. Even when a hearing date is set, a definite timeline for a decision is unlikely. Should the

consolidation motion be granted, there would be further delays in discovery as the transferee court familiarized itself with the cases and formulated a discovery plan that would take into account the unique procedural postures of each case.[3] Defendants have made repeated efforts to set a schedule in this matter and begin the discovery process. Plaintiffs should not be rewarded for their stalling with a further delay in discovery that could last months.

Under these circumstances, staying this case would prejudice Defendants. Defendants would be forced to continue expending resources defending these actions while being unable to develop a record that could result in an expeditious conclusion to this litigation. Meanwhile, Plaintiffs would be able to continue gathering and studying the evidence relative to Ethicon. Moreover, Defendants would suffer this prejudice without purpose, as a stay of this case would not prevent hardship or inequity to Plaintiffs or conserve judicial resources.

**B.   Plaintiffs Will Suffer No Hardship Or Inequity Should This Court Deny A Stay.**

Plaintiffs make no explicit claim that they will suffer hardship or inequity should the Court deny their Motion. Plaintiffs instead suggest that Defendants are the ones "that would be prejudiced – and subjected to potentially inconsistent and duplicative discovery – if this action and the other parallel suits were not stayed." (Motion at 8:14-17.) While Defendants observe the magnanimity Plaintiffs have displayed in seeking a stay for Defendants' benefit (and over their objections),[4] the

---

[3] This is an issue of particular concern in the Eastern District of Louisiana in the aftermath of Hurricane Katrina. The number of filings in that district has increased 97.5% during the twelve-month period ending September 30, 2006 as compared to the same period in 2005. Federal Court Management Statistics, Judicial Caseload Profile for the Eastern District of Louisiana, *available at* http://www.uscourts.gov/cgi-bin/cmsd2007.pl.

[4] Assuming that Plaintiffs did not file the instant Motion purely for the benefit of Defendants, one must wonder what Plaintiffs seek to gain from a stay of inevitable discovery. A brief examination of the cases subject to the consolidation motion indicates that some of the plaintiffs in these cases are facing unique roadblocks to recovery. For example, the plaintiff's claims in *Herring v. Johnson & Johnson* appear to be barred by the applicable statute of limitations. Similar limitations problems may exist in the instant matter. It may be that the plaintiffs in these cases want to consolidate these matters before

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\400561\1

NOTICE OF RULE 34 PRODUCTION OF DOCUMENTS

6

CASE NO. CV073758 GFA (AgEx)

parties do not share Plaintiffs' view of this litigation.

Despite Plaintiffs' insistence that there is a risk of duplicative discovery and inconsistent rulings, Plaintiffs offer no examples of pending motions or potential discovery that would produce such results.[5] In asserting that Defendants would be subject to these hardships, Plaintiffs forget that Defendants have agreed to the cross-designation of what might otherwise be duplicative discovery. Plaintiffs also ignore the fact that multiple depositions that Defendants will seek, including those of Plaintiffs themselves and their physicians, "will probably have to be taken at some point regardless of the outcome of the consolidation motion." *Kratzer v. Gen. Motors Corp.*, No. C 07-01731 WHA, 2007 U.S. Dist. LEXIS 80864, *8 (N.D. Cal. Oct. 22, 2007) (declining to grant a stay where discovery would be necessary regardless of whether a consolidation motion was granted). Even Mr. Toma, the plaintiffs' counsel in the *Locklear* case referenced above, conceded that such depositions "will take place regardless of the Motion for Stay or any action by the MDL Panel," and agreed that those depositions should go forward. (Ex. L at 1). Under these circumstances, neither party is subject to harmful or inequitable proceedings that would justify a blanket stay of this litigation.

---

Defendants can file dispositive motions in the hopes of creating a larger plaintiff pool and thereby encouraging a settlement.

[5] Plaintiffs do note that seven of the complaints at issue seek certification of overlapping classes. (Motion at 8 n.4.) While conflicting motions for class certification would present the potential for conflicting rulings, no such motion has been filed in this case, nor is such a motion expected. As one of the primary cases cited by Plaintiffs notes, it makes little sense in considering a stay to factor in a motion that may or may not be filed months from now. *Rivers*, 980 F. Supp. at 1361 ("no such substantive preliminary motions have been filed with this Court and the parties have not indicated that such motions are imminently forthcoming"). Should matters arise in this case that would present these risks, there is no reason that the parties cannot agree to delay particular motions or discovery pending the MDL panel's ruling. In the unlikely event that the parties cannot reach an agreement, the Court can always address those issues on a case-by-case basis rather than staying all proceedings. *See, e.g., Hagwood v. Gen. Elec. Co.*, No. 2:07-cv-0548, 2007 U.S. Dist. LEXIS 92033, *5-6 (S.D. Ohio Dec. 4, 2007) ("a blanket stay is not warranted . . . such matters must be resolved on a case-by-case basis"); *Weathersby v. Lincoln Elec. Co.*, No. 03-0398, 2003 U.S. Dist. LEXIS 8249, *10-11 (E.D. La. May 9, 2003) (staying plaintiff's class certification motions while denying a stay as to defendants' motion to dismiss).

### C. Denial Of Plaintiffs' Motion Would Promote Judicial Economy.

While Plaintiffs insist that staying discovery is the "preferred management strategy" of the "majority" of MDL transferor courts (Motion at 6), the *Rivers* case that Plaintiffs rely upon for that proposition makes clear that stays are not a one-size-fits-all approach, and that district courts should consider the circumstances of each case before issuing a stay.[6] *Rivers*, 980 F. Supp. at 1360. In considering the best approach for promoting judicial economy in a given case, district courts must take into account proceedings, not just in one court, but across jurisdictions. "[A]n accurate assessment of judicial economy requires consideration of the time and effort of all courts involved; a deferral that saves one court an hour's work but costs other courts several more is scarcely a conservator of judicial resources." *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006). Viewing this case through this rubric, allowing proceedings in this litigation to go forward would promote judicial economy.

Even assuming *arguendo* that the consolidation motion is eventually granted, that does not mean that the newly consolidated cases will begin anew as if

---

[6] The vast majority of cases cited by Plaintiffs are distinguishable from this case in every way except that they involved a motion to stay pending a decision on MDL consolidation. *See, e.g., Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 427 (D.N.J. 2003) (court stayed consideration of the plaintiff's preliminary injunction motion where the plaintiff had delayed in filing the motion); *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 3:02-CV-0853-P, 2002 U.S. Dist. LEXIS 17837, *4-5 (N.D. Tex. Sept. 23, 2002) (stay granted where the parties had actually agreed to a partial stay of discovery and the plaintiff provided no legitimate grounds for staying other proceedings); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 U.S. Dist. LEXIS 4371, *3-4 (E.D. La. Mar. 23, 2000) (granting a stay where the jurisdictional questions at issue were also pending before the MDL court); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 989-90 (E.D. Wis. Feb. 18, 2000) (stay granted where plaintiffs had filed a motion to remand similar to many that had been filed in cases subject to the MDL proceedings); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 U.S. Dist. LEXIS 18023, *2 (N.D. Ill. Nov. 12, 1999) (court stayed ruling on jurisdictional issues pending imminent ruling on consolidation); *Good v. Prudential Ins. Co.*, 5. F. Supp. 2d 804, 809 (N.D. Cal. 1998) (stay issued after the MDL panel had already entered a conditional transfer order); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No 90-4378, 1991 U.S. Dist. LEXIS 1431, *4-5 (D.N.J. Feb. 1, 1991) (ordering a stay where the plaintiff had conceded that minimal discovery would take place before a ruling on the consolidation motion and nearly all of the discovery in the matter would have been duplicative); *Portnoy v. Zenith Labs.*, No. 86-3512, 1987 U.S. Dist. LEXIS 16134, *2 (D.D.C. Apr. 21, 1987) (stay entered where plaintiffs had already agreed not to conduct any discovery in the case).

nothing had happened. In a case such as this one, where there is case-specific discovery that Defendant is entitled to, "[Plaintiff] would have to turn over the same documents, and [Defendants] would have to depose the same witnesses whether or not these actions are consolidated and transferred." *Kratzer*, 2007 U.S. Dist. LEXIS 80864, at *7 (finding that denying a stay of discovery best served the goal of conserving judicial resources). Because significant issues and numerous witnesses in this action do not overlap with those presented in the potential MDL proceedings, "the resources of the parties and the court are unlikely to be duplicated in the event a stay is denied." *Bertram*, 2006 WL 3388473, at *2. Indeed, each of the cases at issue involves unique questions regarding (1) the individual surgeon's decision to use Panacryl® sutures during each plaintiff's surgery; (2) the circumstances of each plaintiff's injury, surgery, recovery, and medical history; and (3) medical causation. Discovery on these issues will be non-duplicative and can be conducted under the jurisdiction of either this Court or, in the event of a transfer, the MDL court.

At the worst, completing this discovery now will result in an equivalent expenditure of judicial resources as would staying the case and leaving it to the oversight of the MDL court. Such a result is "scarcely an argument in favor of deferral," especially in light of the potential prejudice to Defendants. *Betts*, 435 F. Supp. 2d at 1182; *see also Greene v. Wyeth*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004) (declining to stay consideration of a motion to remand where the MDL court would have needed to resolve that motion in the event of a transfer). It is also probable, however, that allowing this case to move forward now will actually decrease the quantum of judicial resources expended in resolving this litigation. For example, with the aid of discovery, Defendants may be able to file a dispositive motion unique to the facts and law applicable in this case. If granted, the motion would dispose of this litigation efficiently and leave one less case for the MDL court to manage. Short of a dispositive motion, the completion of some

| | |
|---|---|
| 1 | discovery will minimize the procedural and scheduling issues that will face the |
| 2 | MDL court upon consolidation. *See, e.g., Naquin v. Mokia Mobile Phones, Inc*, |
| 3 | No. CIV. A. 00-2023, 2001 WL 1242253, *1 (E.D. La. June 20, 2001) |
| 4 | ("Assuming, arguendo, that the instant action may be transferred by the MDL, this |
| 5 | Court agrees . . . that there is no reason to restrict the progress of this case in |
| 6 | anticipation of that potentiality. This Court finds that the . . . continuing efforts by |
| 7 | counsel may in fact aid the multi-district litigation."). For these reasons, |
| 8 | considerations of judicial economy favor allowing this case to proceed pending the |
| 9 | ruling of the MDL Panel. |

## IV.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion.

Respectfully submitted,

Dated: February 22, 2008  DRINKER BIDDLE & REATH LLP

/s/ Michelle A. Childers
CHARLES F. PREUSS
MICHELLE A. CHILDERS
ELIZABETH L. EWERT
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235

Attorneys for Defendants
ETHICON, INC., JOHNSON &
JOHNSON, and JOHNSON &
JOHNSON HEALTH CARE
SYSTEMS INC. (erroneously sued as
JOHNSON & JOHNSON HEALTH)

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\400561\1

NOTICE OF RULE 34 PRODUCTION OF DOCUMENTS

10

CASE NO. CV073758 GFA (AgEx)